DANIEL SOSA ET AL., Petitioners and Appellants, v. MUNICIPAL ASSEMBLY OF SAN JUAN ET AL., Defendants and Appellees.

No. 5189.    Argued March 17, 1931.—Decided July 12, 1932.

*Diego O. Marrero, J. de Guzmán Benítez*, and *F. H. Dexter* for appellants.  *C. Coll y Cuchí* for appellees.

Mr. Justice Wolf delivered the opinion of the Court.

The Municipal Assembly of San Juan passed an ordinance, No. 55, which was disapproved by the Auditor of Puerto Rico because of certain inflations, the absence of certain formalities, omissions of various necessary appropriations, and the fact that finally the outlays would be greater than the income provided.  Thereupon in an attempt at readjustment, the municipal assembly passed Ordinance No. 91, dated October 5, 1929.  In this new ordinance or budget the assembly partially suppressed and partially consolidated certain offices so that a definite number of offices were attempted to be abolished.  All or some of the persons holding such offices brought this suit by virtue of subdivision (*a*), section 83 of the Municipal Law of 1928, alleging various nullities.  It was considered as a certiorari proceeding under said act, and the defendants, the Municipal Assembly of San Juan and Dr. Manuel Pavía Fernández, the substitute mayor, were ordered to bring certain documents into the court, and the ordinance was by order of the court suspended until further action.

One of the grounds of nullity was that these removals took place for political reasons inasmuch as the incumbents of the municipality at the time of the alleged suppression were of a different party than the persons removed.

The District Court of San Juan held that the motives of the municipal assembly in suppressing these offices could not be made a subject of inquiry by the court.  The appellants allege error on this ground and dedicate a fair amount of their brief to attempt to show such error.  They say as a major premise that a court has a right to examine the administrative acts of an assembly.  As a minor premise, they maintain that this particular ordinance was an administrative act.

We question whether a court could examine into the motives of every administrative act, but we shall assume that the appellants are right in their major premise. However, that they are mistaken in their minor premise we have no doubt. One of the very authorities cited by the appellants shows that the kind of municipal act that may be considered as administrative is a particular job or contract. The appellants do not satisfy us that a municipal budget or an ordinance putting it into effect is not in general legislative in its character. All sorts of things may be done by an ordinance fixing the budget. Buildings may be provided for, schools may be ordered erected, new positions created, and various other relations which come into the life of a community may be established. Without going further, we are satisfied that the ordinary passing of the budget by a municipal assembly is a legislative act. If anyone thinks that the passing of a budget is not legislative work let him have recourse to the reports of some of the recent sessions of the Congress of the United States.

Going a little further, the particular thing of which the appellants complain in this case is the suppression of their offices. We can not see how the suppression of an office could be anything but a legislative act. We find no error in the action of the district court in refusing to consider the motives of the municipal assembly in passing the ordinance.

The capacity of the petitioners to bring this suit was attacked. The District Court of San Juan decided that they had enough capacity or interest to attack the ordinance in so far as it concerned their removal, but not to attack other parts of the ordinance. This ruling is assigned as error.

The court held that Ordinance No. 91, of October 5, 1929, failed to comply with subdivision (b) of section 42 of the Municipal Law, and yet refused to declare the ordinance null and void. The petitioners allege that the court erred in this regard. The two foregoing assignments of error may be discussed together.

We have searched the Municipal Law and we do not find that any penalty is fixed for failure to observe section 42 thereof. That section provides:

"The municipalities shall not appropriate in their budgets any sum for the payment of salaries without having first made, in their order, the necessary appropriations for the following obligations:

"(a) Indebtedness on account of principal and interest due or to become due within the fiscal year for which the budget is framed, for the redemption of which no special funds are provided, through a special tax;"

Ordinance No. 91 was disapproved by the Auditor of Puerto Rico inasmuch as the budget provided for expenses in excess of the collections. So far as we have followed the record and the arguments of the appellants, the difference was a relatively small amount. The appellants, therefore, in the absence of a specific penalty do not convince us that an important municipal ordinance can be totally destroyed by reason of such a small difference. We should think that the budget could again in some way be corrected or in connection with the office of the Auditor of Puerto Rico some further readjustment made. It is evident that unless the municipal budget must stand or fall always as an entirety, the petitioners, as removed officeholders, had no interest in attacking the rest of the ordinance or the failure of the municipality to "balance the budget."

In any event, it seems impossible to us that a municipal ordinance carrying with it the budget should fail at the instance of a person who has no interest other than that derived from the suppression of his position. The District Court of San Juan said that perhaps if the petitioners had brought the suit as taxpayers a different situation might have arisen, but we doubt whether the district court, even at the instance of a taxpayer, would have made a very different decision than it did. The fact remained that the petitioners did not allege that they were taxpayers but merely relied on their removal from office.

We have another question in this case, and that is whether the petitioners had any cause of action by virtue of section 83 of the Municipal Law. A taxpayer possibly might, but we have the idea that these removed officers should have brought some suit like a *quo warranto* attacking their removal or attempting compensation in damages. Certainly the difference contained in the budget could not favor them.

The fourth assignment of error alleged that the municipal assembly had no power to pass Ordinance No. 91 after the passage of Ordinance No. 55. If this is true, then Ordinance No. 55 remains in force, the petitioners in contemplation of law had a right to their offices and should have filed a petition in *quo warranto* or some similar action. The contention of the appellants seems a little inconsistent with the idea that the petitioners were illegally removed from office by Ordinance No. 91. On the other hand, we are so far of the opinion that a municipal assembly has the power to pass an ordinance to correct a previous one held to be defective by the Auditor of Puerto Rico. We have doubts whether the assembly or the municipality took the prescribed formal steps looking to the correction of the budget, but we are not sure that this failure would destroy Ordinance No. 91, and as the case, as we shall see, must be dismissed, we find it unnecessary to make a more specific determination.

The fifth assignment of error is as follows:

"The district court committed error in not deciding that Ordinance No. 91 was null and void, inasmuch as it disregards section 34 of the Organic Act of Puerto Rico in connection with sections 7 and 24 of the Municipal Law, because the total of the budget of expenditures exceed the total of the budget of income in the sum of $651.00."

We think this assignment lends a picturesque support to the previous considerations of this opinion, inasmuch as it seems impossible to us that where a total budget runs up into more than $1,700,000, its effect should be destroyed by a matter of $651. In addition to what we have said before, it seems to us that perhaps the municipality would have a

right to withhold certain expenditures in order to dispose of this difference.

The appellees moved to dismiss this appeal because the controversy related solely to the fiscal year 1929–1930 and as that year had totally passed any decision by this Court would be academic. The appellants argue that the appeal is not so because, if it were, then almost any appeal in such cases as the present would be academic because of the length of time it takes to decide litigation of this kind. The objection almost answers itself. If by lapses of time the case has become academic the difficulties in getting a decision on appeal present no obstacle to its dismissal. No real controversy exists. The appellants say that at the hearing the appellees admitted that the first assignment of error was of real importance. So far as we can see, the reasons for the removal of the petitioners are increasingly unimportant, given the lapse of time. The district court was so clearly right in refusing to go into the motives of the assembly that we do not see how the contention of the appellants could prevail.

The appellants do not convince us by any general citation of authorities that the present proceeding is not an academic one.

As we have indicated before in the course of this opinion, so far as the mere right to office is concerned the petitioners might have taken a different proceeding. After a case has become academic it is not the office of this special writ of certiorari in municipal cases to elucidate the rights *in pais* of the persons removed. If the appellants have any rights by reason of salaries or emoluments, there would be less reason why we should pass upon such rights by anticipation. Their right to sue, if any, arose upon removal.

While we have entered somewhat into the merits, the appeal is nevertheless subject to be dismissed, and it is so ordered.

Mr. Justice Córdova Dávila took no part in the decision of this case.